IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

SERGIO LOPEZ ESCOBAR            )
                                )
Plaintiff,                      )
                       v.       )     No.
                                )
ENHANCED RECOVERY COMPANY, LLC  )
D/B/A ENHANCED RECOVERY SOLUTIONS )
                                )
Defendants,                     )
                                )
                                )
                                      **<u>JURY TRIAL DEMANDED</u>**

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k (d)**.

2. This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq**. ("FDCPA") by the Defendants, in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff, Sergio Lopez Escobar (hereinafter referred to as "Plaintiff") is a natural person who resides in Davidson County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

5. Defendant Enhanced Recovery Company, LLC, (hereinafter "Defendants") is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and a for-profit Limited Liability Company organized in Delaware, and may be served through its agent for service of process at C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324 as its registered agent for service of process.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a cell phone debt which resulted from a case of identity theft, originally owed to, or serviced by, Sprint (hereinafter "Sprint").

8. Sometime prior to November 15, 2012, Plaintiff's debt was consigned, sold, or otherwise transferred to the Defendants for collection from Plaintiff.

### *Validation and Verification demanded of Enhanced Recovery*

9. Within one (1) year prior to the filing of this Complaint, on or about March 16, 2015, the Plaintiff sent, via USPS Certified Mail, a validation and verification letter related to this debt. Such letter was timely delivered as tracked by the USPS web service. ***See Exhibit 1***.

10. Plaintiff had and still has a current cell phone contact with Sprint. The Plaintiff's cell phone account was never disconnected and while checking his credit reports, Plaintiff discovered that he had been the victim of identity theft.

11. Defendants did place a disputed notice on the Plaintiff's credit reports but have never sent any validation or verification on this debt, in violation of **15 U.S.C. § 1692g**.

12. Specifically, Plaintiff has never received any letter or notification other than the adverse credit records reported to the three credit bureaus, TransUnion, Equifax, and Experian that he owed any debt at all to the Defendants in violation of **15 U.S.C. § 1692g(a)(1), 15 U.S.C. § 1692g(a)(2), 15 U.S.C. § 1692g(a)(3), 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5)** .

13. Plaintiff believes that at the time the Defendants purchased the Plaintiff's alleged Account, they did not receive any documents which (a) could be used as evidence to show, in a court of law,

that the Plaintiff had entered into a contract with any entity creating the debt or opening an account, (b) show how the amount claimed as due was calculated or what the Plaintiff received in return for incurring the debt, (c) show how the pre-judgment interest on the debt was to be calculated, and (d) show when the debt went into default and what acts by the Plaintiff caused the alleged default, or they would have sent proof thereof at the time of the validation and verification letter.

14. Defendants claim that the original creditor in this account is Sprint, but have provided no evidence before the filing of this lawsuit that would support the truthfulness of this allegation.

15. Defendants made an intentional business decision not to obtain knowledge as to whether this or any other written contract existed between Sprint and the Plaintiff, or if there was other documentation showing when or how the debt was incurred prior to making a reasonable and adequate investigation as to whether the Plaintiff owed the amount of debt they were attempting to collect, intending to either obtain a default judgment or coerce the Plaintiff into a settlement.

16. Defendants failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of the Plaintiff's alleged debt, nor did they utilize reasonable and adequate investigation as to whether the Plaintiff owed the amount of debt they were attempting to collect, nor was a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the debt.

17. By making a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between Sprint and the Plaintiff, or if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether the Plaintiff owed the amount of debt they were attempting to collect, the Defendants used a deceptive and misleading representation in connection with collection of the debt as to the amount allegedly owed by the Plaintiff.

18. By ignoring the validation and verification request of the Plaintiff, the Defendants used misleading representations in connection with collection of the debt as to the amount of debt allegedly owed by the Plaintiff which is known or should be known to be false, in violation in

violation of **15 U.S.C. §1692e (2)(A)**, and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. § 1692e** and **1692e (10)**, and is an unfair means to collect or attempt to collect the debt in violation of **15 U.S.C. § 1692f**.

19. By using false, deceptive, and misleading representations or means in connection with collection of the debt the Defendants have communicated credit information to the general public, credit reporting agencies, Equifax, Transunion, Experian and the Plaintiff, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e (8)**.

20. The Plaintiff contends that the Defendants intentionally chose not to obtain or review a copy of the written original Contract signed by the Plaintiff or any other evidence as to the amount of debt allegedly owed by the Plaintiff or whether the fact that the Plaintiff owed the debt at all, constituting the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer in violation of **15 U.S.C. § 1692e, 1692e (8)**, & **1692e (10)**. Defendants have not provided any documentation to show that they were able to properly calculate the amount owed prior to reporting an adverse account status to the credit bureaus, presumably because Defendants had intentionally made no effort to do so. Plaintiff was never sent past due bills, notifications, or even any disconnection warnings from the original creditor, Sprint. Plaintiff contends this was due to an incidence of identity theft. Defendants should have properly noticed the Plaintiff so that he could dispute the information, and by failing to do so, they are in violation of **15 U.S.C. § 1692(g)**.

*Conduct by Defendants Caused Plaintiff to Suffer Actual Damages*

21. That the above-detailed conduct by Defendants, of harassment, abuse, false, misleading, unfair, and deceptive acts and/or practices in illegally attempting to collect a debt from the Plaintiff in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all of

the above mentioned provisions of the FDCPA and a revelation of private financial data to third parties.

22. That the Plaintiff has suffered actual damages as a result of these illegal communications and collection attempts by Defendants in the form of attorney's fees costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

23. That the Plaintiff is informed, believes, and therefore alleges that Defendants knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair, deceptive and illegal debt collection.

*Summary*

24. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692** *et seq*

26. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**., with respect to Plaintiff.

28. As a result of Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to **15 U.S.C. § 1692k (a)(1)**, in an amount to be determined at trial by a jury; statutory

damages pursuant to **15 U.S.C. § 1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k (a)(3)** from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant.

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k (a)(1)** against the Defendants in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to **15 U.S.C. §1692k (a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against the Defendants;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k (a)(3)** against the Defendants; and

- for such other and further relief as may be just and proper.

Dated   November 6, 2015

>Respectfully submitted on behalf of,
>
>**SERGIO LOPEZ ESCOBAR**
>
>*/s/ William M. Kaludis*
>William M. Kaludis, Attorney for the Plaintiff
>SHIELD LAW GROUP
>BPR #017433
>1230 2nd Ave. S.
>Nashville, TN 37210-4110
>Phone: (615) 742-8020
>Fax: (615) 255-6037
>bill@shieldlawgroup.com